## GING v. SHERRY.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

INTOXICATING LIQUORS —REBATE CERTIFICATE—ENFORCEMENT.

A liquor tax certificate was issued in 1896 by a county treasurer, and, the amount paid having been in excess of the legal rate, the certificate was thereafter surrendered, and a new one issued, and a rebate receipt given for the excess payment, "payable from any excise money hereafter received from said town, or in any manner hereafter legalized." *Held*, in an action against the county treasurer to recover the amount, that the subsequent statute (Laws 1897, c. 312, § 25) providing a method for payment of rebate receipts was applicable, and that the plaintiff was confined to the method thereby legalized.

Appeal from trial term, Suffolk county.

Action by Edward Ging against John Sherry, as county treasurer of Suffolk county. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Ward, for appellant.
Timothy M. Griffing, for respondent.

WOODWARD, J.　On or about the 1st day of May, 1896, Albert M. Darling, then county treasurer of Suffolk county, issued liquor tax certificate No. 26,251 to the plaintiff, receiving in payment therefor the sum of $200.　On the 10th day of July, plaintiff having in the meantime discovered that, under the provisions of the liquor tax law, he was required to pay only $100 for his tax certificate, a notice was served upon the county treasurer of Suffolk county to retain all of the money paid to him in excess of $100 for the said tax certificate, and to return the same to the plaintiff.　Subsequently, and on the 5th day of February, 1897, the defendant in this action, who had in the meantime succeeded to the office of county treasurer of Suffolk county, notified this plaintiff that, acting under instructions from the excise department, the original tax certificate would be received by him, and a new certificate, covering the same period, would be issued, and that the plaintiff would be given a rebate receipt for the difference between the $100 which should have been paid and the $200 which was in fact paid.　Acting under this suggestion, plaintiff surrendered his original liquor tax certificate, and was given a new certificate.　He, at the same time, accepted from the defendant a rebate receipt, which reads:

"Received this fifth day of March, 1897, from Edward Ging, of the village of Greenport, in the county of Suffolk, N. Y., surrendered liquor tax certificate No. 26,251, issued for $200, under subdivision No. 1 (series of 1896), on which there is a balance of pro rata rebate of $100 from May 1, 1896, to April 30, 1897 (full months), payable from any excise money hereafter received from said city or town, or in any other manner hereafter legalized."

On May 28, 1897, the plaintiff presented said receipt to the defendant, and demanded the payment thereof.　Payment was refused, the defendant stating that he had been instructed not to pay the

rebate; that he could not pay it. The defendant admitted that he had received moneys from the town of Southold, but that he had paid same over as directed by law, and the trial court (a jury being waived) found in favor of the plaintiff; and, from the judgment entered, this appeal comes to this court, the defendant relying upon the question of law involved.

It was found in the practical operations of the liquor tax law of 1896 that there was great difficulty in harmonizing the provisions of sections 25 and 13. Section 25 provides for the surrender and cancellation of these liquor tax certificates, and for the refunding of that portion of the tax which is not earned at the time of such surrender; and section 13 directs that the moneys collected shall be turned over to the several funds within a short period, so that the officers who were directed to refund the moneys were without the funds to comply with the law. The excise department, to meet this situation, devised the system of rebate receipts, one of which was given to the plaintiff in this action; and the legislature in 1897 enacted that:

"All outstanding receipts issued and given for liquor tax certificates heretofore surrendered and canceled shall also be paid in the manner above provided for the payment of rebate moneys upon certificates hereafter surrendered and canceled, upon the order of the said state commissioner, to be issued by the said commissioner upon the surrender of such receipt to him, accompanied by the verified petition of the holder of such receipt, setting forth the facts that the holder of said canceled certificate at the time of the surrender and cancellation thereof, had not violated any of the provisions of the liquor tax law, and has not been arrested or indicted for any such violation." Laws 1897, c. 312, § 25.

This statute, enacted at the suggestion of the state commissioner of excise, was designed to provide for the payment of rebates; and the mere fact that in the case at bar the rebate was for money paid in excess of the legal rate does not change the rights of the parties, nor does it serve to give this plaintiff a cause of action against the county treasurer of Suffolk county. The receipt given to the plaintiff provides that the rebate shall be "payable from any excise money hereafter received from said city or town, or in any other manner hereafter legalized." The legislature has since that time legalized a particular method for reimbursing those who have these rebate receipts, and the plaintiff must therefore look to the source pointed out by the law for his money.

There is no reason to doubt that the plaintiff in this action has had the advantage of a liquor tax certificate equal to those who have in other localities paid $200 for the same. The village in which he is located unquestionably has a population in excess of 1,200 inhabitants; but the statute requires that this fact shall appear by either the last state or the last national census, and he was technically entitled to the tax certificate on payment of $100. He has surrendered his original certificate, and has taken the receipt of the county treasurer, which entitles him to a rebate, and the law points out a method of payment. We are unable to see that he has any equities in the premises which would warrant this court in sustaining a judgment in his favor against the county treasurer; and, as he has

his remedy under the law as amended in 1897, we conclude that the judgment should be reversed, and the complaint dismissed, with costs. All concur.